UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CAROL WENGER, CHERYL WENGER, RICHARD FELSCH III, and TIMOTHY MAHONEY as Limited Guardian ad Litem for T.W., a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF WASHINGTON DEPT. OF SOCIAL SERVICES, CHILD PROTECTIVE SERVICES, et. al,<br><br>Defendants. | NO. CV-11-222-JLQ<br><br>ORDER RE: DEFENDANTS' MOTION FOR PROTECTIVE ORDER |

BEFORE THE COURT is Defendants' Motion for Protective Order (ECF No. 28) seeking "an order determining whether documents and information sought by the Plaintiffs through discovery are discoverable and setting the terms and conditions for disclosure, if any." (ECF No. 28, p. 1). The Motion is supported by Defendants' Memorandum and Declaration (ECF No. 30-31) and a Stipulation of the parties (ECF No. 32).

The Stipulation recites that information sought by Plaintiffs concerning Department of Social and Health Services records of certain third-parties is considered "confidential and/or privileged" under various state statutes. (ECF No. 32). The parties also agree that the information sought is relevant - - "likely to lead to the discovery of admissible evidence." The parties then agree to certain terms concerning the disclosure of such information, including that such information, if filed with this court, must be

ORDER - 1

filed under seal.

It is this court's general policy not to enter 'blanket' protective orders. The Ninth Circuit also generally does not approve of 'blanket' protective orders. See *Foltz v. State Farm Auto Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003) (finding it could not sustain the district court's blanket protective order because the district court did not require a specific showing as to particular documents). Rule 26(c) provides that upon a showing of "good cause" the court may enter a protective order. "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz*, 331 F.3d at 1130.

No documents have been provided to the court for a determination of whether good cause exists for a protective order. The documents are apparently responsive to a request for production concerning a Child Protective Services (CPS) referral regarding Mrs. Duke and two children placed in her care and then removed from her care in approximately 1998. (ECF No. 31, Ex. A). Mrs. Duke is the mother of Sylvia Wenger, and according to the Third Amended Complaint Sylvia Wenger was the allegedly abusive foster mother to the Plaintiffs. The request for production appears to seek all documents relating to the placement and removal of the two children from Mrs. Duke and the investigation of sexual abuse. The parties have stipulated that this information is relevant in that it is "likely to lead to the discovery of admissible evidence." (ECF No. 32).

The parties agree that various state statutes may make these records confidential and/or privileged. Some of these statutes may not be applicable to the requested documents, such as RCW § 26.33.330 pertaining to the sealing of adoption records, but the court cannot make this determination as it has not seen the records. Another statute cited by the parties, RCW § 13.34.350, appears to be designed to facilitate the communication of confidential information.

The parties also express concern that the records sought pertain to third-parties not

before the court. However, the "good cause" requirement of Fed.R.Civ.P. 26(c) pertains to "a party or person." The Ninth Circuit recently stated: "The plain meaning of the word 'person' would include third parties who are not part of the litigation. Thus, we cannot logically exclude third parties from our rule that whoever is seeking protection under Rule 26(c) bears the burden of showing good cause." *In the Matter of Roman Catholic Archbishop*, No. 10-35206 (9th Cir. Sept. 21, 2011).

Accordingly,

**IT IS HEREBY ORDERED:**

1. Defendant's Motion for Protective Order (ECF No. 28) is GRANTED IN PART AND DENIED IN PART as set forth herein.

2. As the parties have agreed the information sought is relevant, it is discoverable and Defendant shall produce the information sought in the request for production.

3. The court will not enter a protective order without a particularized showing as to specific documents, however the denial of court participation in the agreement between the parties shall not affect the validity of the agreement as between the parties. The parties have stipulated to certain terms and conditions to maintain the confidentiality of the records. (ECF No. 32). Should the parties have need to file any of the documents with the court, they may file the documents under seal along with a motion to seal, and at that time the court will determine if it is appropriate to seal the documents. The parties shall also comply with Fed.R.Civ.P. 5.2 concerning privacy protections for filings made with the court.

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 23rd day of September, 2011.

                s/ Justin L. Quackenbush
                JUSTIN L. QUACKENBUSH
        SENIOR UNITED STATES DISTRICT JUDGE