UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CAROL WENGER, CHERYL WENGER, RICHARD FELSCH III, and TIMOTHY MAHONEY as Limited Guardian ad Litem for T.W., a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF WASHINGTON DEPT. OF SOCIAL SERVICES, CHILD PROTECTIVE SERVICES, et. al,<br><br>Defendants. | NO. CV-11-222-JLQ<br><br>MEMORANDUM OPINION and ORDER RE: MOTION FOR PARTIAL SUMMARY JUDGMENT ON PRE-1996 CLAIMS |

BEFORE THE COURT is Defendant State of Washington's Motion for Partial Summary Judgment (ECF No. 42). Response and Reply briefing has been filed. (ECF No. 48 & 54). Neither party requested oral argument and the Motion was submitted without oral argument. Defendants seek partial summary judgment on the claims of three of the Plaintiffs (Carol Wenger, Cheryl Wenger, and Richard Felsch) pertaining to injuries allegedly suffered while in their biological mother's care prior to 1996. Plaintiffs added these claims in their Third Amended Complaint and allege that Defendants were negligent in not properly investigating, providing additional services, and/or more promptly removing them from their biological mother's care. Defendants argue the claims are barred by the statute of limitations.

**I. Factual Background**

The Plaintiffs Carol and Cheryl are twin sisters born in April of 1987 to K.F., their

ORDER - 1

biological mother. Their brother, Plaintiff Richard, was born to K. F. in 1988. The three Plaintiff siblings were removed by the Defendants from their biological mother's home in 1996. These three Plaintiffs allege that the Defendants were, *inter alia,* negligent in not removing them from their allegedly dysfunctional mother's home prior to 1996.

While not relevant to the instant motion, the three sibling Plaintiffs allege that the Defendants were, *inter alia,* negligent in placing them in the foster care of Michael and Sylvia Wenger (Michael and Sylvia are referred to herein as the "Wengers"), where, they allege, they were subjected to lack of care and mistreatment, including alleged sexual abuse. The Plaintiffs also allege that this negligence and lack of supervision of the Defendants included allowing the Wengers to formally adopt the three sibling Plaintiffs. While also not relevant to the instant motion, the minor, T.W., born in 1995 and at that time unrelated to the three sibling Plaintiffs, was placed by the Defendants in the Wenger's home as a foster child in January, 1997, when he was 15 months old. The Defendants approved the adoption of T. W. by the Wengers in the year 2000. T.W. also alleges negligence on the part of the Defendants and abuse in the Wenger's home.

**II. The Pleadings**

This action was originally filed in Washington state court on September 22, 2009. The original Complaint included the state law claims of negligence pertaining to the sibling Plaintiffs' placement in foster care in 1996 and the alleged abuse they suffered during such foster placement from 1996 to 2001. Plaintiffs filed a First Amended Complaint on November 4, 2010 adding the additional minor plaintiff, T.W. Plaintiffs sought leave to file a Second Amended Complaint in May 2011, which added the federal claim under 42 U.S.C. § 1983. After leave was granted, over Defendants' objection, Defendants removed the action to this court.

Plaintiffs then sought leave to amend their Complaint for a third time. Over Defendants' objection, leave was granted to file the Third Amended Complaint (ECF No. 35). The Third Amended Complaint was filed on September 22, 2011 and contains several new factual allegations, including the claim that Defendants were negligent in not

removing the three sibling Plaintiffs from the care of their biological mother on a more timely basis. Plaintiffs argued the amendment was necessary to add claims that the Defendants failed to properly investigate the alleged multitude of CPS complaints on the three siblings Carol , Cheryl, and Richard's biological mother. The three sibling Plaintiffs allege the Defendants failed to provide these Plaintiffs' biological mother with services, failed to provide these Plaintiffs with services, and Defendants failed to file a dependency on these three sibling Plaintiffs prior to 1996. (ECF No. 11; ECF No. 35 ¶ 7.2). Defendants opposed the request for leave to amend arguing in part that amendment would be futile because the new claims are barred by the statute of limitations.

In allowing leave to amend, this court stated: "Defendants' argument concerning the statute of limitations has substance, and may eventually be successful." (ECF No. 34, p. 4). However, the court also noted that the statute of limitations was an affirmative defense on which Defendants would have the burden of proof, and was sufficiently complex that it should be later decided. (ECF No. 34, p. 5). Defendant State of Washington now brings the instant Motion asserting that the three sibling Plaintiffs' claims for injuries allegedly suffered while in their biological mother's care are time-barred.

### III. Discussion

### (I) Statute of Limitations

The parties appear to be in agreement that both the negligence claims and the claim under 42 U.S.C. § 1983 are governed by a three-year period of limitation. However, as the Plaintiffs were minors at the time of the alleged events, various tolling provisions apply. In particular, where there are claims of childhood sexual abuse, the statute of limitations is tolled and does not start to run until the victim reaches 18 years of age. RCW 4.16.340(1). Thus, a person who is a minor at the time of a sexual assault would generally have until at least his 21st birthday to bring a claim. Additionally, the Washington statute employs a rather broad discovery rule, as follows:

(1) All claims or causes of action based on intentional conduct brought by any

person for recovery of damages for injury suffered as a result of childhood sexual abuse shall be commenced within the later of the following periods:

    (a) Within three years of the act alleged to have caused the injury or condition;

    (b) Within three years of the time the victim discovered or reasonably should have discovered that the injury or condition was caused by said act; or

    (c) Within three years of the time the victim discovered that the act caused the injury for which the claim is brought.

RCW 4.16.340.

The Washington Supreme Court has given this statute a broad interpretation and held that it applies to claims not only against the perpetrator of the abuse, but also claims of failure to protect from abuse: "we conclude RCW 4.16.340 encompasses causes of action sounding in negligence against parties who did not themselves directly perpetuate acts of childhood sexual abuse, but who allegedly failed to protect child victims or to otherwise prevent the abuse." *C.J.C. v. Corporation of the Catholic Bishop of Yakima*, 138 Wash.2d 699, 714 (1999).

Plaintiffs Carol and Cheryl are twin sisters who were born in April 1987. (ECF No. 45, ¶ 8). They were 22 years old when the original Complaint was filed in September 2009, and 24 years old when the Third Amended Complaint was filed. Therefore, Carol and Cheryl's claims of negligence relating to their untimely removal from the biological mother's care are time-barred, unless they assert injury "suffered as a result of childhood sexual abuse" falling under RCW 4.16.340. Defendants contend that the new factual allegations are not of sexual abuse in the biological mother's home, and are not subject to the tolling provisions of RCW 4.16.340. Plaintiffs dispute this characterization of their claims.

Plaintiff Richard, born in November 1988 and 20 years old at the time the original Complaint was filed, was 22 years old when the Third Amended Complaint was filed. He turned 21 in November 2009, and thus these new claims filed on September 22, 2011 concerning negligent failure to remove from his biological

ORDER - 4

mother's care are time-barred unless they are claims of injury resulting from childhood sexual abuse or the doctrine of relation back applies. (ECF No. 13, p. 7).

**(ii) Defendant's Evidence in Support of Summary Judgment**

Defendants argue that the claims of negligence concerning failure to remove Carol, Cheryl, and Richard from their biological mother's care prior to 1996, and allegations of abuse/neglect suffered there, are time barred because Carol, Cheryl, and Richard all testified that they had no recollection of sexual abuse in their biological mother's home. Specifically, Carol testified that she had no "actual memory of my own" concerning any sexual abuse. (ECF No. 46-1, p. 8). Cheryl testified as follows:

Q: How about any sexual abuse in your biological mother's home?

A: No.

Q: You don't recall being sexually abused?

A: No, I don't recall.

Q: Do you recall seeing either your sister or your brother being sexually abused in your biological mother's home?

A: No, I do not recall.

(ECF No. 46-1, p. 13-14).

Richard testified that he did have memory of being "sexually abused" in his biological mother's home. (ECF No. 46-1, p. 18). However, when asked to describe it, he described an incident with his sister, also a minor and less than two years older than him. He said he remembers being in a closet with Cheryl where "we were doing something and we were hiding back there." (ECF No. 46-1, p. 18). Later in the deposition, he was again asked if he remembered any sexual abuse in his biological mother's care, and he stated: "I do not, no. I have zero memories of any abuse, neglect, sexual promiscuity or anything like that." (ECF No. 46-1, p. 21-22).

**(iii) Plaintiffs' Evidence Opposing Summary Judgment**

Plaintiffs' evidence in opposition comes largely from Defendant social worker Edith Vance including a report she authored in 1995 and her testimony concerning that

ORDER - 5

report. Ms. Vance authored a report entitled "Response to Governor's Complaint" dated July 18, 1995 (ECF No. 52) which was a response to a complaint from Plaintiffs' biological mother. Plaintiffs rely on the following language in the report:

"Since the date in 1987, DCFS has received 26 referrals on this family. Those referrals involved primarily neglect allegations, but also included physical and sexual abuse/exploitation allegations as well. For the most part, the referrals were largely substantiated." (ECF No. 52, p. 6). This is a vague statement. It says that of the 26 referrals they were "primarily" for neglect. This could mean that 50% were for neglect or possibly 80%? Of those that were not neglect, some involved allegations of physical abuse and sexual abuse/exploitation. The allegations were "for the most part" substantiated, but perhaps not fully substantiated, rather "largely".

In order to help clarify this report, Ms. Vance was asked at deposition:

Q: Do you believe that there were substantiated sexual abuse and/or exploitation allegations as to these children going back to 1987?

A: The only - - The only case that I ever investigated regarding sexual exploitation was in one referral cited on Richie. There were never any sexual allegations or abuse allegations made in regards to the girls in their mother's home, not that I recall.

(ECF No. 49-1).

Concerning the one referral on Richie (Plaintiff Richard), the report states, and Ms. Vance confirmed at deposition, that she received a referral of Richard making inappropriate sexual comments at school. At the time, he was only 6 years old. She interviewed Richard who "reported that he regularly watched his mother and her boyfriend engaging in sexual relations on the floor in their trailer." (ECF No. 52, p. 4). According to Ms. Vance, Richard seemed "well-versed in areas such as french kissing and sexual intercourse." *Id*.

**(iv) Analysis**

Plaintiffs Carol and Cheryl's evidence fails to create a genuine issue of material

ORDER - 6

fact as to whether they suffered injury as a result of childhood sexual abuse prior to 1996 while living with their biological mother.

As to Richard, there is evidence that he observed sexual activity that he should not have observed as a six year old child. Defendant Vance testified that what Richard reported to her when he was 6 years old may fit the definition of "exploitation." Defendants argue that the observed activity does not meet the definition of "child sexual abuse" as defined in RCW 4.16.340(5) as "any act committed by the defendant against a complainant who was less than eighteen years of age at the time of the act and which act would have been a violation of chapter 9A.44 RCW or RCW 9.68A.040 or prior laws of similar effect at the time the act was committed." Defendants argue that even if Richard was subjected to watching his biological mother have sex with her boyfriend such is not a violation of 9A.44 or 9.68A.040 and therefore is not "childhood sexual abuse" within the meaning of the special limitations statute. The criminal definition of sexual exploitation under 9.68A.040 involves the minor engaging in sexually explicit conduct and such being "photographed or part of a live performance." Richard's biological mother having sex with her boyfriend in the same room as Richard does not meet the definition of sexual exploitation under 9.68A.040. Additionally, Richard's testimony at deposition was that he did not remember this occurring. He described one incident where he saw his mother's boyfriend put his hand down his mother's shirt. The court agrees with Defendant that Richard has not come forward with evidence that he suffered injury from childhood sexual abuse while in his biological mother's care, and thus the special limitations statute, RCW 4.16.340, does not apply to the claim that Defendants were negligent in not removing him from his biological mother's care prior to 1996.

Plaintiff Richard also argues that the new allegation that Defendants were negligent in not promptly removing him from his mother's care should be considered timely by operation of the relation back doctrine under Fed.R.Civ.P. 15(c). As Richard was 20 years old when the original Complaint was filed, this claim would have been timely had he asserted it in the original Complaint. Richard argues that the claim arises

ORDER - 7

"out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading."  However, Richard's argument that the claims concerning his biological mother relate back fails because the new allegation concerns conduct <u>prior to</u> the Wenger foster care claims set forth in the Second Amended Complaint.  These allegations thus do not arise from the same transaction or occurrence. <u>See for example</u> *Moore v. Baker*, 989 F.2d 1129, 1132 (11th Cir. 1993):

> ("The original Complaint focuses on Baker's actions before Moore decided to undergo surgery, but the amended complaint focuses on Baker's actions during and after the surgery.  The alleged acts of negligence occurred at different times and involved separate and distinct conduct.  In order to recover on the negligence claim contained in her amended complaint, Moore would have to prove completely different facts....").

<u>See also</u> *Williams v. Boeing Co.*, 517 F.3d 1120, 1133 (9th Cir. 2008)("The compensation discrimination claim is a new legal theory depending on different facts, not a new legal theory depending on the same facts.  It does not relate back under Rule 15(c).").

Similarly here, the allegations of conduct pre-1996 rely on different facts. The original Complaint alleges abuse by the Wengers during the Plaintiffs' foster home placement from approximately 1996 to 2001, and alleges that Defendants negligently failed to protect the children from such abuse.  The newly pled Third Amended Complaint allegations concern conduct that occurred in the biological mother's home prior to 1996. If the children were abused or neglected prior to 1996, the perpetrator of such conduct was not the Wengers.  The new claims involve separate and distinct conduct involving a different time period, different allegations, and different actors.  The claims do not arise from the same conduct, transaction, or occurrence and thus do not relate back under Fed.R.Civ.P. 15.

Accordingly,

ORDER - 8

**IT IS HEREBY ORDERED:**

Defendants' Motion for Partial Summary Judgment (ECF No. 42) is **GRANTED**. The claims first asserted by Plaintiffs Carol Wenger, Cheryl Wenger and Richard Felsch in the Third Amended Complaint pertaining to injuries allegedly suffered in their biological mother's care prior to 1996, and the allegation that Defendants were negligent in not properly investigating and more promptly removing them from their biological mother's care are barred by the applicable statute of limitations and shall be dismissed with prejudice.

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 8th day of August, 2012.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 9