UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CAROL WENGER, CHERYL WENGER, RICHARD FELSCH III, and TIMOTHY MAHONEY as Limited Guardian ad Litem for T.W., a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF WASHINGTON DEPT. OF SOCIAL SERVICES, CHILD PROTECTIVE SERVICES, et. al,<br><br>Defendants. | NO. CV-11-222-JLQ<br><br>ORDER RE: PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON DAMAGES |

BEFORE THE COURT is Plaintiffs' "Motion for Partial Summary Judgment Re: Damages" (ECF No. 70). Response and Reply briefing has been filed. (ECF No. 123, 125 & 139). Neither party requested oral argument on this unusual Motion and the Motion was submitted to the court without oral argument on September 4, 2012.

**I. Introduction**

The parties have filed a total of five motions for partial summary judgment, and the court has detailed the factual and procedural background in prior orders. See (ECF No. 134). In short, Plaintiffs assert state law negligence claims and a violation of 42 U.S.C. § 1983 against Defendant Department of Social & Health Services of the State of Washington (hereinafter "State" or "DSHS") and social worker Edith Vance arising from their placement in the foster home of Michael and Sylvia Wenger from 1996 to 2001, where the Plaintiffs were allegedly subject to physical, emotional, and sexual abuse.

ORDER - 1

The instant Motion argues that Plaintiffs are entitled to summary judgment "on the life care plan and diminished earning capacity components of their damage claims." (ECF No. 70). Plaintiffs seek to have the court enter an Order setting **the minimum** amount of damages the jury may award as life care plan damages and diminished earning capacity damages. See Proposed Order (ECF No. 70-1). Plaintiffs contend that "experts for all parties agree on the nature and extent of the Plaintiffs' injuries" and the lowest measure of Plaintiffs' diminished earning capacities is "established by undisputed evidence." (ECF No. 73, p. 2). Defendant Vance responds (ECF No. 122) that issues of material fact do exist and that the experts do not agree on the measure and extent of damages. The State further argues that even if the evidence was undisputed, or Plaintiffs' expert was the only witness on the issue of damages, the jury could reject the proffered expert's measure of damages. (ECF No. 125).

**II. Standard of Review**

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the material facts before the court. *Northwest Motorcycle Ass'n v. U.S. Dept. of Agriculture*, 18 F.3d 1468, 1471 (9th Cir. 1994). Unnecessary motions are inappropriate and a waste of the court and parties' time.

A moving party is entitled to summary judgment only when, viewing the evidence and the inferences arising therefrom in the light most favorable to the nonmoving party, there are no genuine issues of material fact in dispute. Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). While the moving party does not have to disprove matters on which the opponent will bear the burden of proof at trial, they nonetheless bear the burden of producing evidence that negates an essential element of the opposing party's claim and the ultimate burden of persuading the court that no genuine issue of material fact exists. *Nissan Fire & Marine Ins. Co. v. Fritz Companies*, 210 F.3d 1099, 1102 (9th Cir. 2000). When the nonmoving party has the burden of proof at trial, the moving party need only point out that there is an absence of evidence to support the nonmoving party's case. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir.

2001).

Once the moving party has carried its burden, the opponent must do more than simply show there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the opposing party must come forward with specific facts showing that there is a genuine issue for trial. *Id*.

Although a summary judgment motion is to be granted with caution, it is not a disfavored remedy: "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)(citations and quotations omitted).

### III. Discussion

Although the record presented is very lengthy, the issue presented is straightforward and can be quickly resolved. Plaintiffs are not entitled to a judgment establishing, as a matter of law, the minimum amount the jury must award based on Plaintiffs' view of the damages evidence. The fact-finder enjoys great independence when determining damages, and is not bound to accept an expert witness' opinion, even if the expert is not contradicted or impeached. *Early v. United States*, 474 F.2d 756, 758 (9th Cir. 1973). In *Early*, plaintiffs presented evidence that damages for nursing care would approach $900,000 and that future lost earnings were $766,000. Defendant presented "no expert testimony to dispute these estimates." *Id.* However, there was additional lay witness testimony that undermined the expert's calculations. The trial court awarded $350,000 and the Ninth Circuit affirmed.

The Washington Supreme court has stated that "the measure of damages is a question of fact within the jury's province." *Sofie v. Fibreboard Corp.*, 112 Wash.2d 636, 645 (Wa. 1989). When the factual question of damages is presented to the jury, they will be able to evaluate and weigh the testimony and credibility of Plaintiffs and any expert witnesses presented. The record presented does not establish that the issue of damages is

ORDER - 3

"undisputed." Plaintiffs' own Memorandum acknowledges these differences. See ECF No. 73, p. 11 (acknowledging that the "experts differ in their methodologies and assumptions" regarding future wage growth, the discount rate, wage rates, and work-life expectancy). Plaintiffs contend that for the purposes of determining the "minimum" damages they used Defendants' economist Erick West, but then "adjusted" his methodologies based on another Plaintiffs' expert, Cloie Johnson. This once again demonstrates that there are factual questions for the jury to determine concerning damages. Plaintiffs' expert, Cloie Johnson, bases her calculations on a "worst case" scenario where Plaintiffs Carol, Cheryl, and Richard "will be limited to part-time to full-time employment at the minimum wage." (ECF No. 73, p. 12). It is for the jury to determine whether this "worst case scenario" is likely to come to fruition.

Plaintiffs contend that as they have produced the only expert to offer life care plan projections, the court should enter judgment as to those projected damages. (ECF No. 73, p. 14). The court rejects this request. The question of damages, if Defendants are first found liable, is for the jury. The jury can assess the qualifications, experience, assumptions, and conclusions of Plaintiffs' life care plan expert, Ms. Johnson. The court observes that Ms. Johnson's life care plan for T.W. (of record at ECF No. 77-1, p. 12-15) contains ranges of suggested treatment (for example 5 to 10 years in residential placement at Adult Treatment Group home) and "best" and "worst" case projections. Ms. Johnson's "best case" projection for T.W. is life care expenses of $2,004,365.54, and "worst case" is $3,009,005.54. (ECF No. 77-1, p. 13). Plaintiffs ask the court to enter summary judgment finding that T.W.'s "minimum" amount of damages under the life care plan is $3,009,005.54. (ECF No. 70-1). That conclusion regarding the "minimum" damages is not even supported by Plaintiffs' own expert Ms. Johnson, who estimates under her "best case" scenario that T.W.'s life care expenses could be $2,004,365.54.

Further, Defendants have raised questions of fact concerning Ms. Johnson's recommendations. Defendants point to the testimony of Mr. Bernhardt, one of T.W.'s current treatment providers, which questions whether group therapy is necessary and

ORDER - 4

states that T.W.'s current treatment is adequate: "I think he's getting what he needs right now, I think he's - - the med management is doing well for him.  I think the weekly therapy sessions are appropriate for him at this time...So there's nothing that I think needs to be added." (ECF No. 127-2, Bernhardt Depo. p. 17).  Plaintiffs counter with the Declaration of Mr. Bernhardt, executed August 15, 2012, after the filing of the Defendants' response, and stating that he agrees with Ms. Johnson's recommendations, "although the specifics of life care planning are beyond [his] expertise." (ECF No. 141).  This again illustrates the factual nature of the damages determination, a question to be resolved by the jury.

If the jury ultimately finds in favor of the Plaintiffs on liability, numerous questions of fact would remain to be resolved by the jury in their role in assessing damages.  Those questions of fact preclude summary judgment.  Accordingly,

**IT IS HEREBY ORDERED:**

1. Plaintiffs' "Motion for Partial Summary Judgment Re: Damages" (ECF No. 70) is **DENIED**.

**IT IS SO ORDERED**.  The Clerk is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 27th day of September, 2012.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE